# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Case No. 1:12cv139-MR
[Criminal Case No. 1:06cr29-MR-1]

| | | |
|---|---|---|
| JAMES KENNETH MILLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On August 30, 2006, Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to one count of possession within intent to distribute at least 500 grams or more of methamphetamine, an offense in violation of 21 U.S.C. § 841(a)(1). [1:06cr29, Doc. 10: Plea Agreement]. On September 6, 2006, Petitioner

1

appeared with counsel before United States Magistrate Judge Dennis L. Howell for his Plea and Rule 11 hearing. Following a thorough colloquy with Petitioner, his plea of guilty was accepted after the Court was satisfied that it was knowingly, voluntarily, and intelligently given. [Doc. 11: Acceptance and Entry of Guilty Plea].

On July 7, 2007, Petitioner appeared with counsel before the Court for his sentencing hearing. Petitioner stipulated that there was a factual basis to support his plea of guilty and that the Court could accept the evidence contained in his presentence report ("PSR") in support of the guilty plea. The Court heard from Petitioner's counsel and the Government regarding imposition of sentence, and from Petitioner prior to sentencing him to 120-months' imprisonment.

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. Petitioner's appellate counsel filed an Anders[1] brief contending there were no meritorious issues for appeal, but still raised the issue of whether the district court may have erred in denying Petitioner's motion to withdraw his guilty plea. Petitioner filed a pro se supplemental brief raising the same issue. After considering the record, the Court found that Petitioner's Plea and Rule 11 hearing were properly conducted. The

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d. 493 (1967).

2

Court rejected Petitioner's argument that his reading skills hampered his ability to understand the terms of his plea agreement and that his attorney had failed to properly advise him on the terms of the agreement. The Court found that Petitioner's "allegations are belied by his statements at the plea hearing." United States v. Mills, 274 F. App'x 322, 323 (4th Cir. 2008) (unpublished) (internal citation omitted). After finding that Petitioner's remaining pro se arguments were without merit, the Court affirmed Petitioner's criminal judgment in all respects.

On June 4, 2012, Petitioner filed the present motion under Section 2255 contending that he received ineffective assistance of counsel. Petitioner moves the Court for an order vacating his sentence or, in the alternative Petitioner asks for a reduction of his sentence to time served and for return of the property forfeited pursuant to his plea agreement.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

3

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States therefore his criminal judgment became final on or about June 22, 2008, which was 90-days after the Fourth Circuit filed its decision affirming his conviction and sentence. See Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d (2003) (finding that a "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

Petitioner recognizes that his § 2255 motion was filed well more than one year after his conviction became final.[2] Petitioner explains, however, that his Section 2225 motion is timely under § 2255(f)(3) based on what he contends are recent Supreme Court cases that have recognized a new right that has been made retroactive to cases on collateral review. Petitioner explains that his motion is timely because recent case law has "expanded" his right to counsel under the Sixth Amendment, citing Missouri v. Frye, ___U.S. ___, 132 S.Ct.1399, 182 L.Ed.2d 379 (2012), and Lafler v. Cooper, ___U.S.___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). See [Doc. 1 at 19]. Petitioner's argument is without merit.

---

[2] Based on Petitioner's obvious understanding of the time limitations of § 2255(f), the Court is satisfied that no warning need issue regarding *sua sponte* dismissal. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

Petitioner contends that in Frye and Lafler, the Supreme Court announced a new rule of constitutional law which expands the Sixth Amendment responsibility of an attorney to properly negotiate and explain his plea agreement with the Government. The result, as Petitioner maintains, is that his plea agreement is "invalid, factually and legally, as [he] did not understand, **nor** would [he] have agreed to the terms, had [he] understood." [Doc. 1 at 23 (emphasis in original)].

First, Petitioner and his trial counsel urged this position in his direct appeal and the Fourth Circuit expressly rejected this argument affirming the district court's decision to deny his motion to withdraw his guilty plea. The Court found that Petitioner's argument based on his limited reading skills and his attorney's failure to properly explain the terms of his plea agreement were "belied by his statements at the plea hearing." Mills, 274 F. App'x at 323 (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (noting that statements made under oath during a Rule 11 hearing "carry a strong presumption of verity."). This finding alone is sufficient to support the denial and dismissal of Petitioner's Section 2255 motion. See Boeckenhaupt v. United States, 537 F.3d 1182, 1183 (4th Cir. 1976) (finding that in a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully

considered" and decided on direct appeal.); see also United States v. Bell, 5 F.3d 84, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

Second, Petitioner's view of the retroactive impact of Frye and Lafler is misguided. In these cases, the Supreme Court simply discussed an attorney's obligation with regard to negotiating and communicating plea offers under the existing law governing ineffective assistance of counsel claims. See In re Perez, 682 F.3d 930, 932 n.1 (11th Cir. 2012) (noting that "[e]ven before Strickland, the court established that defendants are 'entitled to effective assistance of counsel' during plea negotiations.") (citing Lafler, 132 S.Ct. at 1384) (internal citation omitted). The Court in In re Perez noted in

> Frye and Lafler, the Supreme Court did not directly address whether its holdings announced new rules of constitutional law or applied retroactively. We are persuaded, however, that Frye and Lafler did not announce new rules. To begin, the Supreme Court's language in Lafler and Frye confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context.

Perez, 682 F.3d at 932 (quoting Frye, 132 S.Ct. at 1384 (considering the application of Strickland in the context of "an uncommunicated and lapsed

7

plea."); and Lafler, 132 S.Ct. at 1384 (considering the application of the standard in Strickland "where ineffectiveness results in a rejection of the plea offer and the defendant is convicted at the ensuring trial."). See also Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) ("We will not assume that the Court believed that it was contradicting the [ADEPA] and Teague by retroactively applying in a collateral proceeding a new rule that it just announced.") (internal citations omitted).

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that his § 2255 motion is timely under § 2255(f)(3), or any other provision for that matter, because the cases he relies upon, Lafler and Frye, did not announce a new rule of constitutional law, but rather examined the existing landscape of the law as it is governed by Strickland and its progeny. See Perez, 682 F.3d at 933 ("Put another way, Lafler and Frye are not new rules because they were dictated by Strickland.").

Finally, while it is clear that Petitioner has pinned his argument on the retroactivity of recent Supreme Court cases, the Court would also note that Petitioner is not entitled to equitable tolling of the statute of limitations. An untimely filing may be excused under the doctrine of equitable tolling if the Petitioner could show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). In this case, this doctrine could not apply. In his criminal case Petitioner argued ineffective assistance of counsel and the involuntariness of his plea. He presented these arguments to the district court and the Court of Appeals on direct appeal, and these claims were decided against him under the existing law. Petitioner then waited nearly four years to bring a Section 2255 challenge raising the *same* claims. Thus is cannot be said that he has been pursuing his rights diligently. The fact that the Supreme Court issued two opinions applying existing law in the interim does nothing to re-open the filing period for Petitioner.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a

debatably valid claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DENIED** and **DISMISSED**. [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: January 15, 2013

Martin Reidinger
United States District Judge